IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

**EDWARD COMENA, JR**                                                                                     **PETITIONER**
**REG. #04563-095**

**v.**                            **2:09-cv-00064-JJV**

**T. C. OUTLAW, Warden,**
**FCI-Forrest City**                                                              **RESPONDENT**

## **ORDER**

Now before the Court is the Petition for Writ of Habeas Corpus (Doc. No. 2), pursuant to 28 U.S.C. § 2241, of Edward Comena, Jr., an inmate in the custody of the Pollock, Louisiana Medium Unit Federal Correction Institution (FCI).[1] Conflicting responses from both state and federal prison authorities make Petitioner's case convoluted and confusing. Additionally, complexities arise because from August 2005 to present, Petitioner has experienced a full panoply of experiences with the criminal justice system, including arrest, probation, re-arrest, pretrial custody, probation revocation, state prison, and then federal prison. Petitioner is now serving a federal sentence for conduct for which he also served approximately nine months in state pretrial custody. While he received state credit for this pretrial custody, he received no federal credit for this time, despite the fact his federal sentence and state pretrial custody were so closely related. After careful

---

[1] Petitioner is no longer incarcerated in this district and whether this Court has jurisdiction and venue to decide Petitioner's case is questionable. Respondent raises no objection to jurisdiction or venue and the interests of justice demand a resolution in this case. Therefore, this Court will reach a decision on the merits of the case instead of prolonging a final disposition by transferring or dismissing Petitioner's case.

consideration of Petitioner's claims, the Court finds that his present sentence has been correctly calculated and his petition for writ of habeas corpus must be dismissed.

I. **Background**

For simplicity sake, the Court will broadly state Petitioner's history to put into context his arguments.[2] Petitioner believes the Bureau of Prisons (BOP) failed to credit him for state jail time that he was entitled to receive toward his federal sentence.

While on probation, Petitioner was arrested for a new charge on October 9, 2005. During the period in question, from October 9, 2005 to June 16, 2006, Petitioner was held in Louisiana pretrial custody. This state case was later dismissed in lieu of federal prosecution. On June 16, 2006, his probation was revoked, he left pretrial custody, and began serving his two-year revocation sentence in state prison. After serving this revocation sentence, he was placed in federal custody to serve his federal sentence.

II. **Analysis**

---

[2] The specific facts are as follows: Petitioner was arrested in Louisiana on March 7, 2004, for Illegal Use of Weapon, case number 06-04-520. He was sentenced to two years imprisonment, but was given credit for time served, his sentence suspended, and was placed on three years of probation supervision. While on supervision, Petitioner was arrested on October 9, 2005, on state charges of Illegal Use of a Weapon and Felon in Possession, case number 01-06-0076. Petitioner was remanded for violating the terms of his state probation on October 12, 2005. Petitioner was also sentenced to fifteen (15) days imprisonment for Open Container in a Vehicle on October 24, 2005. On June 16, 2006, Petitioner's probation was revoked and he was sentenced to two years imprisonment for his probation violation based on case number 06-04-520. Petitioner's October 9, 2005 arrest also resulted in his current federal conviction and sentence of fifty-seven (57) months imprisonment for being a Felon in Possession of a Firearm. This sentence was ordered to run "consecutive to any time being served on the 19th Judicial District Court, docket number 06-04-520 [Violation of Probation]. Additionally, this term of imprisonment shall run concurrently to any time imposed by the 19th Judicial District Court, docket number 01-06-76 [Illegal Use of Weapon and Possession of Firearm by Convicted Felon]." Case number 01-06-76 was dismissed by the state in lieu of federal prosecution. Petitioner completed his two-year state sentence for probation violation on June 23, 2007. Petitioner was released to federal authorities on June 26, 2007, to serve his federal sentence.

2

It is the responsibility of the BOP, once a prison sentence has been imposed, to determine how much credit an inmate should receive for any time spent in custody before service of the present BOP sentence. *United States v. Wilson*, 503 U.S. 329, 333-35 (1992).[3] The BOP, after two tries, has now correctly concluded that Petitioner is not entitled to the credit he seeks. (Doc. No. 6, Ex. 4; Doc. No. 2, pp. 13-23).

The time in question is nearly nine months in state pre-trial custody for a case that was dismissed in lieu of federal prosecution. Given these facts, Petitioner is indeed entitled to some credit for this time. According to a letter from the State of Louisiana Department of Public Safety and Corrections (Doc. No. 14), Petitioner in fact received credit for this time. Petitioner's credit, though, went toward his two-year state revocation sentence and not his federal sentence. Document Number 14 states Petitioner "was sentenced to 2 years HL with the Louisiana Department of Corrections on 6/16/2006, EBR dkt 604520, he received 278 days of pre sentence credit. After being sentenced on 6/16/2006, he served until 6/23/2007 when he completed the mandatory balance on this conviction." (Doc. No. 14, Add. Ex. 1). Therefore, Petitioner served just over one year (372 days) on a two year sentence (June 16, 2006, to June 23, 2007).

Petitioner remains suspicious of this supposed credit because he would have been paroled

---

[3] Prior custody credit is governed by 18 U.S.C. § 3585(b), which provides:
A defendant shall be given credit towards the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

    (1) as a result of the offense for which the sentence was imposed; or

    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

*that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added).

after the one year anyway. The Court understands Petitioner's argument but finds no basis to discredit the Louisiana officials who affirm that Petitioner "received 278 days of presentence credit." *Id.*

Adding confusion to this case was the language in Petitioner's federal Judgment which states the fifty-seven (57) months "shall run concurrently to any time imposed" in the case that was dismissed in lieu of federal prosecution.[4] At first blush, this would seem to mean Petitioner's pretrial custody time should run concurrently to his federal sentence. However, no time was ever imposed in his state case. From Petitioner's vantage point, this must seem counterintuitive. However, time spent in pretrial detention in a case that was later dismissed simply cannot count as "concurrent time" toward a federal sentence. While Petitioner likely believes this is unfair, he ultimately served a shorter state revocation sentence with the credit state authorities gave him, which resulted in Petitioner being placed into federal custody earlier.

Further adding to the confusion was the fact that the BOP originally believed Petitioner was entitled to this time and stated, "credit from the date of your arrest on October 9, 2005 through June 20, 2006, has been applied toward your federal term, as this time was not applied toward any other sentence." (Doc. No. 13, Att. 2 at 2). However, BOP officials later realized that the State of Louisiana had credited Petitioner for this time and they reversed this previous decision. (Doc No. 13, Att. 3 at 2). For the reasons above, the BOP's reversal was correct.

### III. Conclusion

After careful consideration of credits applied and time spent in both federal and state

---

[4]The concurrent language in the federal judgment leads this Court to believe that the prosecution, the defense, and the court were attempting to protect Petitioner so he might receive fair credit for the nearly nine months spent in pretrial custody.

4

custody, this Court determines that the BOP correctly calculated Petitioner's sentence.

For the foregoing reasons, Petitioner's Petition (Doc. No. 2) is DISMISSED with prejudice and the relief requested is DENIED.

IT IS SO ORDERED this 5th day of January, 2010.

/s/ Joe J. Volpe
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE